**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHN EVANS, IDOC # B41234,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-682-GPM** |
| | ) | |
| **MICHAEL P. RANDLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff John Evans, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of seven years' imprisonment at the Stateville Correctional Center ("Stateville") for burglary, brings this action pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his civil rights by persons acting under color of state law. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.   At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

According to the allegations of Evans's pro se complaint, Illinois law provides that the personal funds of a prisoner in IDOC custody are held in trust for the prisoner by the authorities at the prison in which he or she is confined.   Such funds include money that is in the physical possession of a prisoner at the time of his or her incarceration, together with all personal funds deposited with the IDOC for the use and benefit of, or belonging to, the prisoner.   The matter of trust fund accounts for prisoners in the custody of the IDOC is governed by 730 ILCS 5/3-4-3, which provides, in relevant part,

> The Department of Corrections and the Department of Juvenile Justice shall establish accounting records with accounts for each person who has or receives money while in an institution or facility of that Department and it shall allow the withdrawal and disbursement of money by the person under rules and regulations of that Department.   Any interest or other income from moneys deposited with the Department by a resident of the Department of Juvenile Justice in excess of $200 shall accrue to the individual's account, or in balances up to $200 shall accrue to the

> Residents' Benefit Fund.  For an individual in an institution or facility of the
> Adult Division the interest shall accrue to the Residents' Benefit Fund.

730 ILCS 5/3-4-3(a).  The purpose of requiring prisoner funds to be held in trust by prison authorities is to prevent prisoners in IDOC custody from possessing quantities of cash that can be used for illicit purposes.  *See* 730 ILCS 5/3-4-3(d) (providing that the IDOC "shall confiscate any unauthorized currency found in the possession of a committed person."); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1101 n.50 (M.D. Tenn. 1982) (noting that "[t]he use of free world money is generally disdained among corrections experts because of the difficulty in controlling activities such as gambling, extortion and the sale of contraband.  Officials prefer to use either special 'scrip' or computerized accounts which allow greater control of inmates' funds.").  Evans contends that the fact that the IDOC does not permit prisoners in IDOC custody to keep the interest that accrues on their individual prison trust fund accounts, which instead accrues to the Residents' Benefit Fund of the IDOC facility where an IDOC prisoner is confined, constitutes an unlawful taking of property, in violation of Evans's constitutional rights.    Named as Defendants in the case are: Michael P. Randle, the former director of the IDOC; Derwin Lee Ryker, the warden of the Lawrence Correctional Center ("Lawrence"); Jason O'Henton, the assistant warden of operations at Lawrence; Jeanne Campaella, the assistant warden of programs at Lawrence; and, apparently joined as "John Doe" parties because Evans's complaint does not list their names, the business administrator supervisor and the trust fund supervisor at Lawrence.  At the time this case was filed Evans was confined at Lawrence; after the filing of this case, Evans was transferred to the Pontiac Correctional Center, then to Stateville where, as already has been noted, Evans remains confined.

The Takings Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation. *See* U.S. Const. amend. V, XIV; *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980); *Chicago, Burlington & Quincy R.R. Co. v. City of Chicago*, 166 U.S. 226, 239 (1897). The class of persons entitled not to be deprived of their property without due process by the states includes prisoners, and a deprivation of property by a state actor without due process can be remedied through an action under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring); *Kimbrough v. O'Neil*, 545 F.2d 1059, 1061 (7th Cir. 1976); *Carroll v. Sielaff*, 514 F.2d 415, 417 (7th Cir. 1975). Property interests "are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). *See also Phillips v. Washington Legal Found.*, 524 U.S. 156, 164 (1998) (quoting *Roth*, 408 U.S. at 577) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'"). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. If a protected property interest exists under state law, a court then must determine what process is due to protect that interest. *See Shango v. Jurich*, 681 F.2d 1091, 1097-98 (7th Cir. 1982) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

In general, prisoners have a due process property interest in their personal funds on deposit in a prison trust fund account. *See Wolfe v. Litscher*, No. 03-C-302-C, 2003 WL 23221146, at *2 (W.D. Wis. July 7, 2003) (citing *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986)). The precise question presented by this case, however, is whether prisoners in IDOC custody have a property interest that is protected by the Fifth and Fourteenth Amendments in the interest that accrues on their individual prison trust fund accounts, because, as discussed, without such a property interest, Evans has no claim for a violation of his constitutional rights. As already has been noted, the Constitution does not create property interests and, correspondingly, the Constitution does not grant prisoners a property interest in the interest that accrues on their personal funds held in trust by their prison custodian. *See Gray v. Lee*, 486 F. Supp. 41, 46 (D. Md. 1980) (citing *X (Smith) v. Robinson*, 456 F. Supp. 449, 454 (E.D. Pa. 1978)) (neither the Fifth Amendment nor the Fourteenth Amendment confer on a prisoner a right to earn interest on monies received while incarcerated). Similarly, the common law does not give prisoners a right to the interest on monies held in their prison trust fund accounts. Instead, "at common law a convicted felon . . . forfeit[s] all rights to personal property." *Washlefske v. Winston*, 234 F.3d 179, 185 (4th Cir. 2000). *See also Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 682 (1974) (noting that under English common law, "[f]orfeiture . . . resulted . . . from conviction for felonies . . . . The convicted felon forfeited his chattels to the Crown and his lands escheated to his lord[.]"). Because convicted felons have no common-law property rights, then, for example, a state may require its prisoners to work and to do so for free, without running afoul of the Constitution. *See Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (quoting *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude, so prisoners

may be required to work . . . . Further, there is no Constitutional right to compensation for such work; compensation for prison labor is 'by grace of the state.'").

Because state prisoners possess no constitutional or common-law property rights in funds that come into their hands while incarcerated, such prisoners possess a property interest in those funds only to the exact extent that state statutes or regulations grant state prisoners a property interest in monies received during the period of their incarceration. *See Jennings v. Lombardi*, 70 F.3d 994, 995-96 (8th Cir. 1995) (holding that prisoners in the custody of the state of Missouri who are confined outside Missouri pursuant to an interstate compact do not have a property interest in receiving wages for work in prison industries, because Missouri prison regulations provide that only prisoners in Missouri's custody who are confined in Missouri may receive wages for prison jobs); *Young v. Wall*, 359 F. Supp. 2d 84, 89-91 (D.R.I. 2005) (prisoners of the state of Rhode Island, though possessing a property interest conferred by state statute in wages derived from work in prison industries, do not have a property right in interest accrued on those wages where state law has created no such property right); *Larance v. Bayh*, No. 3:94-cv-182RM, 1995 WL 46718, at *1 (N.D. Ind. Jan. 18, 1995) (holding the same in the case of an Indiana statute conferring on prisoners of the state a property interest in their personal funds, including wages, held in trust during the period of their incarceration, but conferring on such prisoners no property rights in the interest accrued on such funds); *Hendrix v. Evans*, 715 F. Supp. 897, 910-11 (N.D. Ind. 1989) (same).[1]  Therefore, the Court must determine whether Illinois law, specifically,

---

1.    The Court notes that, in an unpublished opinion, the United States Court of Appeals for the Seventh Circuit approved the holdings of both *Larance* and *Hendrix* and reached the same result, finding that Indiana state prisoners do not have a property interest in the interest on their funds held in trust by prison officials because Indiana law does not grant prisoners such a property interest. *See Abdul-Wadood v. Bayh*, 85 F.3d 631 (7th Cir. 1996) (Table).

the Illinois Unified Code of Corrections ("IUCC") and the regulations promulgated pursuant to that statute by the IDOC, confers on prisoners in IDOC custody a property interest in the interest that accrues on their prison trust fund accounts.

In interpreting a statute, such as the IUCC, courts "must first look to the language of the statute and assume that its plain meaning 'accurately expresses the legislative purpose.'" *United States v. Shriver*, 989 F.2d 898, 901 (7th Cir. 1992) (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)). Too, "the words in a statute should be given their ordinary meaning." *Estate of Moreland v. Dieter*, 576 F.3d 691, 695 (7th Cir. 2009). In the case of prisoners in IDOC custody, Illinois law recognizes that such prisoners have a property interest in money that they "ha[ve] or receive[ ] . . . while in an institution or facility of" the IDOC. 730 ILCS 5/3-4-3(a). Illinois law also recognizes a limited property interest in interest on "moneys deposited with the [IDOC] by a resident of the Department of Juvenile Justice in excess of $200," although the statute provides further that, in the case of juvenile prisoners, interest on "balances up to $200 shall accrue to the Residents' Benefit Fund." *Id*. However, with respect to adult prisoners in IDOC custody, such as Evans, Illinois law confers no property interest in the interest that accrues on the prison trust fund accounts of such prisoners, providing instead that interest on such accounts "shall accrue to the Residents' Benefit Fund." *Id*. Concerning whether IDOC regulations grant prisoners in IDOC custody a property interest in the interest on their prison trust fund accounts, those regulations provide that "[i]n the Adult and Community Services Divisions [of the IDOC], interest from a committed person's trust fund account shall accrue to the Residents' Benefit Fund." Ill. Admin. Code tit. 20, § 205.20(a). Thus, IDOC regulations do not confer upon prisoners in IDOC custody a property interest in the interest on their prison trust fund accounts, as

such interest accrues, under the regulations, to the Residents' Benefit Fund of the respective IDOC facilities where such prisoners are confined. Evans relies upon an IDOC regulation dealing with "[m]oney . . . held for a committed person who has separated from the [IDOC] by death, discharge, or unauthorized absence and which has not been claimed by the committed person or his legal representative[.]" Ill. Admin. Code tit. 20, § 535.140. Under that regulation, such unclaimed funds "held for a period of one year may be transferred to the Inmate Benefit Fund and be expended for the special benefit of committed persons." *Id*. § 535.140(a). By its terms the regulation applies only to unclaimed funds in the prison trust fund account of a prisoner formerly in IDOC custody and, moreover, the regulation provides that such funds accrue to the Inmate Benefit Fund at the IDOC facility where the former IDOC prisoner was confined. Evans has no property interest under Illinois law in the interest that accrues on his prison trust fund account. Accordingly, Evans's complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Evans's complaint fails to state a claim upon which relief may be granted with respect to Evans's claim of a violation of his constitutional rights by IDOC personnel. Therefore, this action is **DISMISSED with prejudice**. Evans's motion for appointment of counsel (Doc. 7) is **DENIED as moot**. Evans is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  January 15, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge